EDMUND G. BROWN JR.
Attorney General of the State of California
DANE R. GILLETTE
Chief Assistant Attorney General
GERALD A. ENGLER
Senior Assistant Attorney General
PEGGY S. RUFFRA
Supervising Deputy Attorney General
MICHELE J. SWANSON, State Bar No. 191193
Deputy Attorney General
  455 Golden Gate Avenue, Suite 11000
  San Francisco, CA  94102-7004
  Telephone:  (415) 703-5703
  Fax:  (415) 703-1234
  Email:  Michele.Swanson@doj.ca.gov
Attorneys for Respondent

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| **ERIC PAUL BIGONE,** | C 08-0811 JSW (PR) |
| Petitioner, | **ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS** |
| **v.** | |
| **K. PROSPER, Warden,** | |
| Respondent. | |

Respondent provides this answer to the order to show cause why the petition for writ

of habeas corpus should not be granted:

## I.

## CUSTODY

Petitioner Eric Bigone is lawfully in the custody of Ron Barnes, Acting Warden of the

California Correctional Center,[1] as a result of a judgment of conviction in Lake County Superior

Court, case number CR901979.  A jury found petitioner guilty gross vehicular manslaughter while

---

1.  We note that K. Prosper is no longer the Warden of the California Correctional Center.

1   intoxicated.  Petitioner admitted two prior convictions for driving under the influence.  The trial

2   court sentenced petitioner to 15 years to life in state prison.

3                                          **II.**

4                         **GENERAL AND SPECIFIC DENIALS**

5            Respondent denies that the state court rulings were based on an unreasonable

6   determination of fact or were contrary to, or involved an unreasonable application of, clearly

7   established United States Supreme Court precedent.  Respondent specifically denies that: (1) the trial

8   court violated due process by admitting evidence of petitioner's prior DUI convictions; (2)

9   insufficient evidence supported the jury's finding of gross negligence; (3) the prosecutor committed

10  misconduct; (4) trial counsel was ineffective; and, (5) there was cumulative error.

11                                         **III.**

12                              **PROCEDURAL DEFENSES**

13           Petitioner exhausted his claims in state court.  The petition is timely within the meaning

14  of 28 U.S.C. § 2244.

15                                         **IV.**

16                              **LODGED DOCUMENTS**

17           Respondent has lodged concurrently with this answer the following exhibits: (1) State

18  Court Clerk's Transcript (1 volume); (2) State Court Reporter's Transcript (8 volumes); (3) Opinion

19  of the California Court of Appeal; (4) Petition for Writ of Habeas Corpus filed in California

20  Supreme Court; and, (5) Docket sheet from petitioner's state habeas case in California Supreme

21  Court.

22  ///

23  ///

24  ///

25

26

27

28

Answer to Petition for Writ of Hab. Corpus                                    Bigone v. Prosper, Warden
                                                                              C 08-0811 JSW (PR)

1          Dated:  August 29, 2008

2                                Respectfully submitted,

3                                EDMUND G. BROWN JR.
                                 Attorney General of the State of California

4                                DANE R. GILLETTE
                                 Chief Assistant Attorney General
5
                                 GERALD A. ENGLER
6                                Senior Assistant Attorney General

7                                PEGGY S. RUFFRA
                                 Supervising Deputy Attorney General

8

9

10                               /s/ Michele J. Swanson
                                 MICHELE J. SWANSON
11                               Deputy Attorney General
                                 Attorneys for Respondent

12

13
     20134533.wpd
14   SF2008401594

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Answer to Petition for Writ of Hab. Corpus                    Bigone v. Prosper, Warden
                                                              C 08-0811 JSW (PR)

<u>**DECLARATION OF SERVICE BY U.S. MAIL**</u>

Case Name:    **Bigone v. Prosper, Warden**

No.:    **C 08-0811 JSW (PR)**

I declare:

I am employed in the Office of the Attorney General, which is the office of a member of the California State Bar, at which member's direction this service is made.  I am 18 years of age or older and not a party to this matter.  I am familiar with the business practice at the Office of the Attorney General for collection and processing of correspondence for mailing with the United States Postal Service.  In accordance with that practice, correspondence placed in the internal mail collection system at the Office of the Attorney General is deposited with the United States Postal Service that same day in the ordinary course of business.

On <u>August 29, 2008</u>, I served the attached

**ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the internal mail collection system at the Office of the Attorney General at 455 Golden Gate Avenue, Suite 11000, San Francisco, CA  94102-7004, addressed as follows:

Eric Paul Bigone
No. F03865
P.O. Box 2210
Susanville, CA  96127

I declare under penalty of perjury under the laws of the State of California the foregoing is true and correct and that this declaration was executed on August 29, 2008, at San Francisco, California.

| M. Argarin | /s/ M. Argarin |
|:---:|:---:|
| Declarant | Signature |

20137817.wpd

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  MICHELE J. SWANSON, State Bar No. 191193
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5703
    Fax:  (415) 703-1234
8   Email:  Michele.Swanson@doj.ca.gov
   Attorneys for Respondent

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13  **ERIC PAUL BIGONE,**                         C 08-0811 JSW (PR)

14                              Petitioner,

15        **v.**

16  **K. PROSPER, Warden,**

17                              Respondent.

18

19  **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF ANSWER TO PETITION FOR WRIT OF HABEAS CORPUS**

20

21

22

23

24

25

26

27

28

1

**TABLE OF CONTENTS**

2

**Page**

3   STATEMENT OF THE CASE                                                           1

4   STATEMENT OF FACTS                                                              2

5   STANDARD OF REVIEW                                                              4

6   ARGUMENT                                                                        5

7        I.    THE TRIAL COURT DID NOT VIOLATE DUE PROCESS BY
               ADMITTING EVIDENCE OF PETITIONER'S PRIOR DUI
8              CONVICTIONS                                                          5

9              A.    Trial Court Proceedings                                        5

10             B.    Opinion Of The California Court Of Appeal                       6

11             C.    The Court Of Appeal's Decision Was Not Contrary To, Or An
                     Unreasonable Application Of, Clearly Established Supreme Court
12                   Precedent                                                      8

13       II.   SUBSTANTIAL EVIDENCE SUPPORTS THE JURY'S FINDING
               OF GROSS NEGLIGENCE                                                  9

14
               A.    Opinion Of The California Court Of Appeal                      9
15
               B.    The Court Of Appeal's Decision Was Not Contrary To, Or An
16                   Unreasonable Application Of, Clearly Established Supreme Court
                     Precedent                                                     10
17
         III.  THE PROSECUTOR DID NOT COMMIT MISCONDUCT                            11
18
         IV.   TRIAL COUNSEL WAS NOT INEFFECTIVE                                   12
19
         V.    PETITIONER'S    FAILURE    TO    ESTABLISH    A    SINGLE
20             INSTANCE OF CONSTITUTIONAL ERROR UNDERMINES
               HIS CUMULATIVE ERROR CLAIM                                          13
21
     CONCLUSION                                                                    14

22

23

24

25

26

27

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus        Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

i

1    **TABLE OF AUTHORITIES**

2                                                                                    **Page**

3    **Cases**

4    *Edwards v. Lamarque*
     475 F.3d 1121 (9th Cir. 2007)                                                      4
5
     *Fry v. Pliler*
6    127 S. Ct. 2321 (2007)                                                             9

7    *Hayes v. Brown*
     399 F.3d 972 (9th Cir. 2005)                                                      12
8
     *Jackson v. Virginia*
9    443 U.S. 307 (1979)                                                               10

10   *Jammal v. Van de Kamp*
     926 F.2d 918 (9th Cir. 1991)                                                       8
11
     *Juan H. v. Allen*
12   408 F.3d 1262 (9th Cir. 2005)                                                     10

13   *Lockyer v. Andrade*
     538 U.S. 63 (2003)                                                                 4
14
     *Miller-El v. Dretke*
15   545 U.S. 231 (2005)                                                                4

16   *Napue v. Illinois*
     360 U.S. 264 (1959)                                                               11
17
     *People v. Ochoa*
18   6 Cal.4th 1199 (1993)                                                              7

19   *People v. Rogers*
     21 Cal.3d 542 (1978)                                                               3
20
     *People v. Superior Court* (*Wells*)
21   27 Cal.3d 670 (1980)                                                               3

22   *Romano v. Oklahoma*
     512 U.S. 1 (1994)                                                                  8
23
     *Smith v. Angelone*
24   111 F.3d 1126 (4th Cir. 1997)                                                     13

25   *Spencer v. Texas*
     385 U.S. 554 (1967)                                                             8, 9
26
     *Strickland v. Washington*
27   466 U.S. 668 (1984)                                                           12, 13

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus    Bigone v. Prosper, Warden
                                                                                    C 08-0811 JSW (PR)

                                              ii

**TABLE OF AUTHORITIES  (continued)**

1

2                                                                     **Page**

*United States v. Gutierrez*
3   995 F.2d 169 (9th Cir. 1993)                                         13

4   *Williams v. Stewart*
    441 F.3d 1030 (9th Cir. 2006)                                         9
5
    *Woodford v. Visciotti*
6   537 U.S. 19 (2002)                                                    4

7   *Yarborough v. Gentry*
    540 U.S. 1 (2003)                                                    12
8

9   **Statutes**

10  Evidence Code
        § 350                                                            3
11      § 352                                                            3

12  United States Code, Title 28
        § 2254(d)(1)                                                     4
13

14  **Other Authorities**

15  Antiterrorism and Effective Death Penalty Act of 1996             4, 10

16

17

18

19

20

21

22

23

24

25

26

27

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus        Bigone v. Prosper, Warden
                                                                                          C 08-0811 JSW (PR)

iii

1  EDMUND G. BROWN JR.
   Attorney General of the State of California
2  DANE R. GILLETTE
   Chief Assistant Attorney General
3  GERALD A. ENGLER
   Senior Assistant Attorney General
4  PEGGY S. RUFFRA
   Supervising Deputy Attorney General
5  MICHELE J. SWANSON, State Bar No. 191193
   Deputy Attorney General
6   455 Golden Gate Avenue, Suite 11000
    San Francisco, CA  94102-7004
7   Telephone:  (415) 703-5703
    Fax:  (415) 703-1234
8   Email:  Michele.Swanson@doj.ca.gov
   Attorneys for Respondent

9

IN THE UNITED STATES DISTRICT COURT

10

FOR THE NORTHERN DISTRICT OF CALIFORNIA

11

SAN FRANCISCO DIVISION

12

13  **ERIC PAUL BIGONE,**                      C 08-0811 JSW (PR)

14                              Petitioner,    **MEMORANDUM OF POINTS
                                               AND AUTHORITIES IN**
15        **v.**                               **SUPPORT OF ANSWER TO
                                               PETITION FOR WRIT OF**
16  **K. PROSPER, Warden,**                    **HABEAS CORPUS**

17                              Respondent.

18

19              **STATEMENT OF THE CASE**

20          In 2005, a jury found petitioner guilty of gross vehicular manslaughter while intoxicated,

21  and petitioner admitted two prior convictions for driving under the influence.  CT 61, 73, 192.[1/]  The

22  trial court sentenced him to 15 years to life in state prison.  CT 231, 233.

23          On April 20, 2007, the California Court of Appeal affirmed the judgment.  Exh. 3.

24

25

26  ───────────────────────────

27      1.  "CT" refers to the Clerk's Transcript on appeal, while "RT" refers to the Reporter's
    Transcript on appeal.  The numbers preceding "CT" or "RT" refer to the volume of the transcript,
28  while the numbers following refer to the page numbers of the transcript.

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus    Bigone v. Prosper, Warden
                                                                                 C 08-0811 JSW (PR)

1

1   Petitioner did not seek review of the decision. *See* Petition at 2.[2/]  Instead, on July 9, 2007, petitioner

2   filed a petition for writ of habeas corpus in the California Supreme Court, raising the same claims

3   asserted in the instant petition. *See* Petition at 2; Exhs. 4, 5.  The Supreme Court denied the petition

4   on December 19, 2007. *See* Companion Appendix to Petition; Exh. 5.

5          On February 5, 2008, petitioner filed the instant federal habeas petition.  On May 7, 2008,

6   this Court ordered respondent to show cause why the petition should not be granted.

7

8                                **STATEMENT OF FACTS**

9          The California Court of Appeal summarized the facts of this case as follows.  Petitioner

10  is referred to as "defendant."

11         Joseph Fossa testified that at 4:00 a.m. on Monday May 31, 2004, he and
    his son were driving on highway 29 in Lake County.  He was driving a truck
12  and pulling a boat.  He was traveling at 50-55 miles per hour when he saw
    headlights behind his truck.  He slowed to 45 miles per hour when he reached
13  a passing lane, but accelerated again when he reached the end of the passing
    lane and the car behind him had not attempted to pass. Shortly thereafter, while
14  on a straight section of the highway, Fossa noticed that the car behind him was
    trying to pass.  He saw headlights approaching in the opposite direction but did
15  not have room in his lane to move to the right.  He told his son there was about
    to be a head-on collision and immediately saw the impact in his mirror.  He
16  pulled over and reported the accident to the California Highway Patrol (CHP).

17         Margaret Finn testified that at approximately 4:30 a.m. she was driving on
    the same stretch of highway in the opposite direction as Fossa.  She was
18  traveling 55 miles per hour and a car was following directly behind her.  She
    saw headlights coming straight towards her and pulled on to the shoulder to
19  avoid hitting the oncoming car.  The oncoming vehicle missed her car by inches
    and then collided with the car behind her.  Finn's passenger called 911 and
20  reported the accident.

21         Deputy Sherriff Barry Clark testified that when he arrived at the scene he
    saw Fossa's truck on the side of the road and the two cars that had been
22  involved in the collision.  Clark saw a woman with her eyes closed trapped in
    a Mitsubishi and found defendant in the driver's seat of the other car.
23  Defendant was moaning and bleeding from his face.  Paramedic Sammy
    Hukkanen testified that he checked the driver of the Mitsubishi and determined
24  she had likely died on impact.  Doctor Kelly Arthur confirmed at trial that the
    female driver had died at the scene from blunt force injuries.

25

26  _____

27         2.  We also independently conducted a search of the California Supreme Court's website,
    which revealed no petition for review filed by petitioner.
28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus        Bigone v. Prosper, Warden
                                                                                     C 08-0811 JSW (PR)

1       Defendant was taken by ambulance and helicopter to the hospital in Santa Rosa.  During transport Hukkanen detected a strong odor of alcohol on defendant.

       CHP Officer Brian Engle testified that when he arrived at the scene he obtained defendant's wallet and identification and photographed the accident. It was obvious to him that defendant's car had crossed into the oncoming lane of traffic.  He asked an officer in Santa Rosa to confirm that defendant was the driver and check his sobriety.  At the hospital, the officer smelled alcohol on defendant and had his blood drawn at 8:19 a.m.

       Criminalist Michael Potts analyzed the blood sample and testified that at 8:19 a.m. defendant's blood alcohol concentration (BAC) level was .11 percent. Based on the average rate of elimination of alcohol from the bloodstream, he estimated that defendant's BAC level was .18 percent at the time of the accident.  Forensic toxicologist Daniel Coleman testified that he also tested defendant's blood sample and concluded that defendant had used marijuana within hours of the accident.  Although he could not pinpoint the exact time, he explained that one of the compounds found in defendant's blood at 8:19 a.m. usually is eliminated within six to eight hours after ingestion.  He testified that marijuana can affect the ability to drive safely.  He also testified that he found evidence of cocaine use in defendant's blood but that he could not pinpoint when the cocaine had been ingested.[3/]

       Officer Kevin Domby testified that at the scene he found in defendant's car a bottle of Wild Turkey whiskey, one-quarter full, and a burnt marijuana cigarette.[4/]  Two of defendant's friends testified that defendant had been with them on Saturday night and that he and his friends had been drinking from the Wild Turkey bottle.

       San Francisco Police Officer Troy Carrasco testified that he had arrested defendant for driving under the influence of alcohol on April 5, 1996, at 1:30 a.m.  Defendant had been driving a motorcycle at 50 miles per hour in a 25-miles per hour zone and had driven through multiple stop signs before stopping.  His BAC level at the time of the arrest was .14 percent.

       San Francisco Police Officer Philip Papale testified that he arrested defendant on February 6, 1997, for driving under the influence of alcohol.

---

    3.  Defendant did not object to any of Coleman's testimony.  On appeal, however, he contends that all of this evidence should have been excluded under Evidence Code sections 350 and 352.  This claim has not been adequately preserved.  (*People v. Rogers* (1978) 21 Cal.3d 542, 548.) In any event, we see no reason to assume that if asserted the trial court would have considered the potential prejudice of this evidence to outweigh its probative value.

    4.  Defendant contends that evidence of the whiskey bottle "was improperly admitted as the search of the vehicle was done in violation of appellant's constitutional rights."  Defendant did not challenge the validity of the search or object to the admission of this evidence at trial.  This argument also has not been preserved for appeal (§ 1538.5, subd. (m); *People v. Superior Court* (*Wells*) (1980) 27 Cal.3d 670, 673), and in all events we see no basis on which the trial court might have concluded that the evidence was obtained illegally.

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus      Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

3

1    Defendant was speeding and admitted to the officer that earlier in the evening
     he had run into a taxi cab.  Defendant's BAC level was .19 percent.
2
3          Defendant testified on his own behalf. He acknowledged his two prior
     drunk driving convictions and explained that after the second conviction he
     took an 18 month course on the dangers of alcohol and driving.  After a
4    girlfriend of a friend of his died, he has never again driven after drinking.  He
     knew that if he continued to drink and drive he could kill someone.  Defendant
5    admitted that on the Saturday night before the accident he had gotten drunk
     with his friends and also used marijuana and cocaine.  He stopped drinking on
6    Sunday because he knew he would be driving back to San Francisco.  He placed
     the half empty Wild Turkey bottle under the passenger seat as he left with his
7    friends to go to the bar.  He explained that he did not try to pass Fossa's truck
     in the passing lane because he was too far behind.  Later, when he tried to pass
8    on the straight road, he underestimate the length of the truck and boat.  After
     he pulled out to pass he was trapped and could not avoid the oncoming car.
9    After the collision he was in pain and to ease the pain started drinking the
     whiskey.
10
           On rebuttal, another officer testified that he had not observed any blood on
11   the whiskey bottle.

12   Exh. 3 at 2-4, footnotes in original.

13

14                          **STANDARD OF REVIEW**

15         This case is governed by the Antiterrorism and Effective Death Penalty Act of 1996

16   (AEDPA), which imposes a "highly deferential" standard for evaluating state court rulings and

17   "demands that state court decisions be given the benefit of the doubt."  *Woodford v. Visciotti*, 537

18   U.S. 19, 24 (2002) (per curiam).  Under AEDPA, the federal court has no authority to grant habeas

19   relief unless the state court's ruling was "contrary to, or involved an unreasonable application of,"

20   clearly established Supreme Court precedent.  28 U.S.C. § 2254(d)(1).  A decision constitutes an

21   unreasonable application of Supreme Court law only if the state court's application of law to the

22   facts is not merely erroneous, but "objectively unreasonable."  *Lockyer v. Andrade*, 538 U.S. 63, 75

23   (2003). Thus, "[o]nly if the evidence is 'too powerful to conclude anything but' the contrary" should

24   the court grant relief.  *Edwards v. Lamarque*, 475 F.3d 1121, 1126 (9th Cir. 2007) (en banc) (quoting

25   *Miller-El v. Dretke*, 545 U.S. 231, 265 (2005)).  The petitioner bears the burden of showing that the

26   state court's decision was unreasonable.  *Visciotti*, 537 U.S. at 25.

27   ///

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
                                                                                    C 08-0811 JSW (PR)

4

1

**ARGUMENT**

2

**I.**

3

4

**THE TRIAL COURT DID NOT VIOLATE DUE PROCESS BY ADMITTING EVIDENCE OF PETITIONER'S PRIOR DUI CONVICTIONS**

5      Petitioner contends that the trial court violated his right to due process by admitting

6   evidence of his two prior convictions for driving under the influence, and for failing to give the jury

7   a limiting instruction at the time such evidence was introduced.  Petition at 5-12.  However, because

8   there was a reasonable inference the jury could draw from such evidence, its admission did not

9   violate due process.  Moreover, the trial court properly gave its limiting instruction to the jury at the

10  conclusion of trial.

11      **A.    Trial Court Proceedings**

12      On the first day of trial, the prosecution moved to introduce evidence of petitioner's two

13  prior convictions for driving under the influence in order to demonstrate gross negligence.  1 RT 4.

14  The defense objected to the admission of the two prior convictions.  1 RT 5.  The trial court ruled

15  the evidence admissible:

16
17
>     I would find that the circumstances of the two prior convictions are admissible in the People's case to show gross negligence. I believe the case law supports that, so they're entitled to put that evidence on.

18  1 RT 7. Before the testimony regarding the prior convictions, defense counsel renewed his objection

19  to such evidence.  4 RT 484.  The court again denied the request after the prosecutor noted that the

20  testimony should not take much time:

21
22
23
>     [T]hat appears to be relevant, in that it's relevant to the defendant's knowledge of what would be ordinary care in his experience and driving under the influence and the fact he may have done it this time as well. So I would be inclined to permit the evidence, and I'll order that it is relevant in this case.

24  4 RT 485.  The prosecution then introduced testimony from Officers Carrasco and Papale regarding

25  the two prior incidents of driving under the influence.

26      Both officers observed reckless driving on petitioner's part.  *See* 4 RT 489, 493, 499.

27  Petitioner was intoxicated when he sped, ran stop signs, drove over a median and ran into another

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus        Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

5

1 | car. *See* 4 RT 489, 491, 493, 494, 499.

2 | During his closing argument, the prosecutor emphasized the limited purpose for which

3 | such evidence was admitted:

4 | We had an unusual situation here in this case. It's unusual because rarely does the law allow this, but we were able to go into previous crimes of Mr. Bigone for a very limited purpose, and I want to urge you right at the outset it's not the People's position that he's guilty of this case because he was guilty before. This case has to rise or fall on its own merits. You can't say, well, he's done it before, find him guilty, and we are not asking that. And we're not saying that that's what it does.
What it does is it tells you what knowledge he had, what understanding of the risks of driving drunk or under the influence . . . .

9 | 6 RT 639. The prosecutor continued:

10 | [W]e were allowed to put in that evidence because his understanding, his appreciation of the risk to human life is way up there from his experience. He should have known better. He should have learned from his lesson. Any reasonable person would have. And the court will instruct you not to use that evidence for any other purpose.

13 | 6 RT 641-642.

14 | After closing arguments, the trial court gave the following limiting instruction:

15 | Evidence has been introduced for the purpose of showing that the defendant committed crimes other than that for which he is on trial. This evidence, if believed, may not be considered by you to prove that defendant is a person of bad character or that he has a disposition to commit crimes. It may be considered by you only for the limited purpose of determining how it tends to show the existence of gross negligence which is a necessary element of the crime charged and the lesser offense of violating Penal Code section 192, subdivision (c)(1) . . . .

20 | 7 RT 712.

21 | **B.    Opinion Of The California Court Of Appeal**

22 | The California Court of Appeal noted that gross negligence is an element of the crime with

23 | which petitioner was charged: gross vehicular manslaughter while intoxicated. Exh. 3 at 4-5. The

24 | court further noted that gross negligence is a conscious indifference to the consequences of one's

25 | actions, and that the test for measuring whether a person has the requisite state of mind is objective:

26 | "'whether a person in the defendant's position would have been aware of the risk involved.'" *Id.*

27 | at 5.

28 |

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

6

1    The court then went on to cite a California Supreme Court case, *People v. Ochoa*, 6

2    Cal.4th 1199, 1204-1205 (1993), which held that a defendant's prior conviction for driving under

3    the influence was admissible to show an awareness of the risk of drinking and driving.  Exh. 3 at 5.

4    The Court of Appeal observed that while petitioner acknowledged that the fact of his prior

5    convictions were admissible under *Ochoa*, he disputed that the facts underlying his convictions were

6    relevant to his knowledge of the dangers of drinking and driving.  *Id.* at 5-6.

7    The court rejected petitioner's argument, ruling that, "the trial court could reasonably

8    consider the details surrounding defendant's prior convictions probative of his awareness of the risks

9    of driving while intoxicated and not unduly prejudicial."  Exh. 3 at 6.  The court went on:

10       The evidence of defendant's BAC levels at the time of the prior offenses tended
     to show that defendant was made aware of the extent of impairment resulting

11   from a level of intoxication similar to the level during the fatal accident.  The
     testimony that the second conviction followed an accident, albeit a minor one,

12   was probative of defendant's awareness of the danger of an accident while
     driving intoxicated.  The officers' testimony regarding the prior incidents was

13   brief and not particularly sensational.  The prior incidents were both
     significantly less egregious than the present offense.  (*People v. Brown* (2000)

14   77 Cal.App.4th 1324, 1338.)  The evidence was not inflammatory but was
     relevant to defendant's state of mind at the time of the instant offense.  Given

15   that the prior convictions and resulting punishment and treatment were
     admissible, as defendant concedes, the additional testimony that he committed

16   a number of traffic infractions while intoxicated was hardly so prejudicial that
     it outweighed the probative value of this evidence.

17

18   Exh. 3 at 6.

19   The Court of Appeal also noted that any potential prejudice arising from the introduction

20   of such evidence was cured by the trial court's limiting instruction to the jury, and the prosecutor's

21   closing argument regarding the limited purpose of such evidence.  Exh. 3 at 6-7.  The court rejected

22   "[d]efendant's argument that the court erred by failing to give a separate limiting instruction at the

23   time of the officers' testimony."  *Id.* at 7 n.5.  The court noted that petitioner "did not request such

24   a limiting instruction at the time of the testimony, nor was it essential that the instruction be given

25   at that time."  *Id.*

26   Finally, the Court of Appeal found that petitioner did not suffer any prejudice from the

27   admission of the evidence:

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

7

1
2
3
4

> [D]efendant did not deny full appreciation of the risks of driving while intoxicated.  Indeed, he emphasized his awareness of the dangers of driving after drinking.  His defense was that he did not consume any intoxicants the day of the accident until after the collision, when he drank from the bottle in his car to relieve his pain.  The details of the prior convictions were hardly likely to affect the jury's evaluation of the credibility of that defense.

5    Exh. 3 at 7-8.

6    **C.    The Court Of Appeal's Decision Was Not Contrary To, Or An Unreasonable
7          Application Of, Clearly Established Supreme Court Precedent**

8    The admission of evidence violates due process "[o]nly if there are no permissible

9    inferences the jury may draw from the evidence . . . .  Even then, the evidence must 'be of such

10   character as necessarily prevents a fair trial.'"  *Jammal v. Van de Kamp*, 926 F.2d 918, 920 (9th Cir.

11   1991).  In other words, even if evidence is not clearly probative, its admission does not violate due

12   process unless the evidence was so prejudicial as to render the trial fundamentally unfair.  *Romano*

13   *v. Oklahoma*, 512 U.S. 1, 12-13 (1994).  The admission of other crime evidence in particular does

14   not violate due process when the trial court gives a limiting instruction and retains its discretion to

15   limit or forbid the admission of particularly prejudicial evidence.  *Spencer v. Texas*, 385 U.S. 554,

16   561 (1967).

17   Here, as the Court of Appeal found, the details of petitioner's prior convictions for driving

18   under the influence were relevant to the question of whether his actions on the night in question

19   constituted gross negligence.  The circumstances underlying the prior convictions tended to show

20   that petitioner was aware of the dangers of driving while under the influence.  Accordingly, as the

21   jury could draw a reasonable inference from such evidence, it was not a violation of due process to

22   admit it.  *Jammal*, 926 F.2d at 920.

23   Nor did the admission of such evidence prejudice petitioner.  As the Court of Appeal

24   noted, the details of petitioner's prior convictions were far less egregious than the circumstances of

25   the charged offense, in which a person died because of petitioner's drunk driving.  Moreover, such

26   evidence had little effect on the defense, considering that petitioner did not deny his awareness of

27   the dangers of drinking and driving, but instead chose to deny that he had been drinking at all before

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
                                                                                                    C 08-0811 JSW (PR)

8

1   the collision.  Further, the trial court exercised its discretion in admitting such evidence and gave

2   a limiting instruction to the jury.  *Spencer*, 385 U.S. at 561; *Williams v. Stewart*, 441 F.3d 1030,

3   1040 (9th Cir. 2006).  And finally, the prosecutor emphasized the limited purpose of such evidence

4   during his closing argument.  Under these circumstances, the introduction of such evidence did not

5   render petitioner's trial fundamentally unfair.  For these same reasons, the admission of the prior

6   convictions did not have a substantial or injurious effect on the verdict.  *Fry v. Pliler*, 127 S. Ct.

7   2321, 2328 (2007).

8          Petitioner contends that the trial court should have also given its limiting instruction at the

9   time the two officers testified about the details of his prior convictions.  However, he cites no

10  Supreme Court case holding that a limiting instruction is constitutionally required at the time such

11  evidence is introduced.  Petitioner also contends that the court's limiting instruction was confusing

12  because it did not specify which evidence it applied to, or the limited purpose for which it was to

13  be considered.  Petition at 8-9.  Petitioner is mistaken; the court's instruction was not deficient in

14  either of these ways.  *See* 7 RT 712.  In sum, the California Court of Appeal's rejection of

15  petitioner's claim was neither contrary to, nor an unreasonable application of, clearly established

16  Supreme Court precedent.

17

18                                              **II.**

19  **SUBSTANTIAL EVIDENCE SUPPORTS THE JURY'S FINDING OF**
    **GROSS NEGLIGENCE**

20

21         Petitioner next contends that there was insufficient evidence to support the jury's finding

22  of gross negligence.  Petition at 12-15.  However, the record reveals that substantial evidence

23  supported the jury's verdict.

24      **A.    Opinion Of The California Court Of Appeal**

25         The California Court of Appeal concluded that substantial evidence supported the jury's

26  finding of gross negligence.  Exh. 3 at 8.  The court explained as follows:

27              The trier of fact reasonably could infer that defendant, having suffered two
                prior convictions for driving under the influence of alcohol, one of which

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus        Bigone v. Prosper, Warden
                                                                                      C 08-0811 JSW (PR)

1    involved a traffic accident, having been placed on probation and attended an
     alcohol-awareness class, and being fully aware of the risks of such activity,
2    nonetheless drove in a reckless manner while highly intoxicated. (See *People
     v. Ochoa, supra,* 6 Cal.4th at p. 1208.) Defendant's argument that his driving
3    was "not in the least bit reckless or egregious" is not convincing. Fossa
     testified that defendant had the opportunity safely to pass his truck using the
4    passing lane, but did not do so. Rather, he subsequently tried to pass Fossa
     when oncoming vehicles were clearly visible. (*People v. McCarnes* (1986) 179
5    Cal.App.3d 525, 535 ["Defendant's conduct was even more egregious because
     the oncoming vehicle he collided with was clearly visible to defendant as he
6    entered the opposing lane"].) The accident was foreseeable as evidenced in part
     by Fossa's testimony that he thought it was a "stupid" time to try to pass his
7    truck, and the statement he made to his son that there was about to be a
     collision. The Attorney General observes correctly that under different
8    circumstances this accident might be viewed as a mistake in judgment, but the
     evidence supports the jury's determination that defendant's excessive alcohol
9    consumption coupled with the attempt to pass when oncoming traffic was
     visible constituted gross negligence.

10

11   Exh. 3 at 9.

12   **B.    The Court Of Appeal's Decision Was Not Contrary To, Or An Unreasonable
             Application Of, Clearly Established Supreme Court Precedent**

13

14           In deciding a claim of sufficiency of the evidence, the court must determine whether,

15   "after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact

16   could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v.*

17   *Virginia*, 443 U.S. 307, 319 (1979). It is the province of the jury to weigh the evidence and

18   determine the credibility of the witnesses, *id.*, and a defendant's mere disagreement with the jury's

19   view of the evidence is not enough to support a claim of insufficient evidence. Under the AEDPA,

20   the question is whether the state court's application of the *Jackson* standard was objectively

21   unreasonable. *Juan H. v. Allen*, 408 F.3d 1262, 1274-1275 (9th Cir. 2005).

22           The record in this case supports the Court of Appeal's determination that substantial

23   evidence supported the jury's finding of gross negligence. Before the collision, petitioner was

24   following a truck towing a boat that deliberately moved to the right when there was a passing lane,

25   slowing to 45 miles per hour. 2 RT 52. However, petitioner did not pass at that time despite the safe

26   opportunity to do so. 2 RT 52. Instead, he waited until there were two oncoming vehicles before

27   he moved from his lane of traffic to pass the truck. 2 RT 37. The roadway permitted sufficient

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus    Bigone v. Prosper, Warden
                                                                                                          C 08-0811 JSW (PR)

10

visibility to warn a driver of oncoming traffic.  Joseph Fossa testified that it was "stupid" to pull out at that time because one could see traffic coming the other way, and that he warned his son at the time that there was going to be a collision.  2 RT 53, 72.  Exacerbating matters, petitioner was traveling at an excessive speed while trying to pass.  2 RT 37.  The only reason why he did not collide with the first vehicle was because the driver was able to move out of the way so that petitioner missed her vehicle by inches.  2 RT 37.  The evidence therefore supported a finding that petitioner was driving recklessly at the time of the collision.

The evidence also showed that petitioner was driving with an estimated blood-alcohol level of 0.18, making him an unsafe driver.  3 RT 174, 270.  The addition of marijuana in his system further affected his driving ability and judgment.  3 RT 271, 302-303.  While under different circumstances an accident could merely be a mistake in judgment, the evidence here supports the determination that the excessive alcohol and marijuana consumed by appellant, coupled with the attempt to pass with clearly visible oncoming traffic, along with his awareness of the dangers of drunk driving from his prior DUI convictions, constituted gross negligence.

Far from demonstrating a lack of evidence supporting the jury's finding, petitioner merely argues his own view of the evidence.  However, because the jury could draw reasonable inferences from the prosecution's evidence to support the finding of gross negligence, the Court of Appeal did not unreasonably reject petitioner's insufficient evidence claim.

## III.

## THE PROSECUTOR DID NOT COMMIT MISCONDUCT

Petitioner contends that the prosecutor committed misconduct by eliciting testimony from the criminalist regarding the effects of marijuana on a person's ability to drive, as well as his opinion regarding petitioner's blood alcohol level at the time of the collision.  Petition at 15-16.  Petitioner, however, fails to demonstrate that such testimony was false or misleading.

A prosecutor violates due process by obtaining a conviction through false or misleading evidence.  *Napue v. Illinois*, 360 U.S. 264, 269 (1959).  To succeed on a claim under *Napue* , the

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

11

1  defendant must show: "(1) the testimony (or evidence) was actually false, (2) the prosecution knew

2  or should have known that the testimony was actually false, and (3) the false testimony was

3  material." *Hayes v. Brown,* 399 F.3d 972, 984 (9th Cir. 2005) (en banc).

4  The California Court of Appeal found that "there was nothing unfair, let alone deceptive

5  or reprehensible, about the prosecutor's presentation of the case." Exh. 3 at 11. Such conclusion

6  was not objectively unreasonable. First, the criminalist's testimony on the effects of marijuana on

7  a person's ability to drive was not improper, given that the toxicologist testified that petitioner's

8  blood tested positive for marijuana. *See* 3 RT 271, 294, 296, 300, 302-303. Second, the prosecutor

9  did not improperly rely on the criminalist's opinion regarding petitioner's blood alcohol level at the

10  time of the collision, *see* 3 RT 274, given that there was no reason to question the criminalist's

11  calculations, and that such calculations are commonly applied to blood-alcohol levels. In sum, no

12  prosecutorial misconduct is shown.

13

14  **IV.**

15  **TRIAL COUNSEL WAS NOT INEFFECTIVE**

16  Petitioner next contends that defense counsel was ineffective for failing to challenge the

17  prosecution expert's opinion of petitioner's blood alcohol level at the time of the collision. Petition

18  at 16. Not so.

19  In order to prevail on a claim of ineffective assistance of counsel, a defendant must

20  establish that: (1) counsel's performance fell below an objective standard of reasonableness; and (2)

21  there is a reasonable probability that, but for counsel's errors, he would have received a more

22  favorable result. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). On federal habeas, a

23  petitioner must show that the state court applied *Strickland* to the facts of his case in an objectively

24  unreasonable manner. *Yarborough v. Gentry*, 540 U.S. 1, 5 (2003) (per curiam).

25  The California Court of Appeal rejected petitioner's claim of ineffective assistance of

26  counsel, noting that "the criminalist presented the evidence of defendant's BAC level in a

27  comprehensive manner and acknowledged that the results were also consistent with defendant's

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus    Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

12

1    version of the facts.  Hence, defendant's attorney was not deficient in his cross examination of this

2    witness."  Exh. 3 at 11.  The state court's determination was not objectively unreasonable.  Counsel

3    used his cross-examination of the criminalist to the best of his advantage, *see* 3 RT 282-289, and was

4    not ineffective for failing to call his own expert to the stand.  *See Smith v. Angelone*, 111 F.3d 1126,

5    1132-1133 (4th Cir. 1997) (counsel not incompetent for failing to call defense expert where counsel

6    obtained the same information and pursued the same defense via cross-examination of prosecution

7    experts).  In any event, it is difficult to see how any deficiency in challenging the blood alcohol

8    evidence was prejudicial to petitioner's case, as petitioner did not deny his consumption of alcohol,

9    but rather the timing of such consumption.  In sum, petitioner's ineffectiveness claim fails both

10   prongs of the *Strickland* test.

11

12                                          **V.**

13   **PETITIONER'S FAILURE TO ESTABLISH A SINGLE INSTANCE OF
     CONSTITUTIONAL  ERROR  UNDERMINES  HIS  CUMULATIVE
14   ERROR CLAIM**

15        Finally, petitioner argues that the effect of cumulative errors at trial violated his right to

16   due process.  Petition at 16-17.  As demonstrated above, however, petitioner has failed to establish

17   any federal constitutional violation arising from his individual claims of error.  Accordingly, his

18   cumulative error claim necessarily fails.  *See United States v. Gutierrez*, 995 F.2d 169, 173 (9th Cir.

19   1993) (where no error exists, by extension, cumulative error argument fails).

20   ///

21   ///

22   ///

23

24

25

26

27

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus          Bigone v. Prosper, Warden
                                                                                       C 08-0811 JSW (PR)

1

**CONCLUSION**

2        Accordingly, respondent respectfully requests that the petition for writ of habeas corpus

3  be denied.

4        Dated:  August 29, 2008

5                  Respectfully submitted,

6                  EDMUND G. BROWN JR.
Attorney General of the State of California

7                  DANE R. GILLETTE
Chief Assistant Attorney General

8

GERALD A. ENGLER
9                  Senior Assistant Attorney General

PEGGY S. RUFFRA
10                Supervising Deputy Attorney General

11

12                  /s/ Michele J. Swanson
13                  MICHELE J. SWANSON
Deputy Attorney General

14                  Attorneys for Respondent

15  20134496.wpd
SF2008401594
16

17

18

19

20

21

22

23

24

25

26

27

28

Memo. of Pts. and Auths. in Support of Answer to Pet. for Writ of Hab. Corpus      Bigone v. Prosper, Warden
C 08-0811 JSW (PR)

14